IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SALLY LOU MAYES,                                  1:13-cv-01907-BR

       Plaintiff,                             OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

       Defendant.


**MARLENE R. YESQUEN**
Black Chapman Webber & Stevens
221 Stewart Avenue, Suite 209
Medford, OR 97501
(541) 772-9850

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1003


1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
JORDAN D. GODDARD
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

   Attorneys for Defendant


BROWN, Judge.

  Plaintiff Sally Lou Mayes seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which she denied Plaintiff's application

for Supplemental Security Income (SSI) under Title XVI of the

Act.

  This Court has jurisdiction to review the Commissioner's

decision pursuant to 42 U.S.C. § 405(g).  Following a thorough

review of the record, the Court **REVERSES** the Commissioner's final

decision and **REMANDS** this matter for further administrative

proceedings.


## ADMINISTRATIVE HISTORY

  Plaintiff filed her application for SSI on September 29,

2009.  Tr. 24.[1]  Her application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

---

  [1] Citations to the official transcript of record filed by
the Commissioner on February 18, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on May 21, 2012.[2]  Tr. 40.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 41.

The ALJ issued a decision on July 20, 2012, in which he found Plaintiff is not entitled to benefits.  Tr. 33.  That decision became the final decision of the Commissioner on May 29, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.


## BACKGROUND

Plaintiff was born on June 25, 1964, and was 47 years old on the date of the hearing.  Tr. 245.  Plaintiff has a high-school equivalency degree.  Tr. 194.  Plaintiff has prior relevant work experience as a "garde manger" and home attendant.  Tr. 31-32.

Plaintiff alleges disability since September 29, 2009, due to lupus; fatigue; right-foot injuries; plantar fasciitis in both feet; light, sun, and heat sensitivity; anxiety; depression; limitations as a result of heart surgery in July 2009; disc degeneration and arthritis; and poor eyesight.  Tr. 193.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

---

[2] The hearing transcript indicates the hearing took place on May 21, 2013.  It is clear from the administrative history of the case that this is a typographical error and that the hearing in fact took place on May 21, 2012.

medical records, this Court adopts the ALJ's summary of the medical evidence except where noted. *See* Tr. 24-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It

is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful
activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser*, 648
F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout v. Comm'r Soc.
Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20
C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a
claimant's impairments meet or equal one of the listed
impairments and are so severe that they preclude substantial
gainful activity. The claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity. 20 C.F.R.
§ 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC). The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations. 20 C.F.R.

§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

7 - OPINION AND ORDER

The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity since September 29, 2009, her application date.  Tr. 26.

At Step Two the ALJ found Plaintiff has the severe impairments of arthritis of the lumbrosacral and thoracic spine; aortic stenosis with aortic regurgitation, "status post aortic valve replacement"; nonobstructive coronary disease; pulmonary hypertension; discoid lupus; "plantar fibromatosis versus ganglion cyst of the right foot"; history of right-ankle fracture, "status post open reduction and internal fixation with hardware"; cannabis abuse; and fibromyalgia beginning March 8, 2010.  Tr. 26-28.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 28.  In his RFC assessment the ALJ found Plaintiff has the functional capacity to "perform light work as defined in 20 C.F.R. § 416.967(b), except she can no more than

occasionally climb ladders, ropes, and scaffolds, or stoop.  In addition, she should avoid even moderate exposure to hazards." Tr. 28-31.

At Step Four the ALJ found Plaintiff is unable to perform any past relevant work.  Tr. 31-32.

At Step Five, however, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as housekeeping cleaner; assembler, dry cell and battery; and basket filler.  Tr. 32-33.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 33.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) citing legally insufficient reasons to reject Plaintiff's testimony and (2) erroneously discrediting the opinion of Jonathan Neal, P.A.[3]

## I.  Plaintiff's Testimony

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's testimony.

---

[3] In her Reply Brief Plaintiff contends she also assigns error to the ALJ's failure to include depression and anxiety as medically-determinable impairments and the ALJ's rejection of the lay testimony.  Because Plaintiff did not specifically and distinctly raise these arguments in her Opening Brief, the Court does not consider these assignments of error.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  *See also Boyer v. Comm'r Soc. Sec. Admin.*, No. 3:12-cv-00392-SI, 2013 WL 3333060, at *10 (D. Or. July 1, 2013).

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

### A. Summary of Plaintiff's Testimony

Plaintiff testified at the May 21, 2012, hearing and

10 - OPINION AND ORDER

submitted an Adult Function Report.

### 1. Plaintiff's Hearing Testimony

At the hearing Plaintiff testified she last worked approximately ten hours per week as a caregiver in 2009.  Tr. 45.

Plaintiff reported her symptoms on a bad day are "very bad" pain in her back, hips, and legs as well as foot pain from plantar's warts.  Tr. 46.  Plaintiff testified many of her symptoms were caused by lupus and her medication does not control the joint pain and skin irritation.  Tr. 47.  Plaintiff testified her pain level on a scale of one to ten is a ten without pain medication and five with pain medication.  Tr. 48.  As to side effects from her lupus medication, Plaintiff testified she becomes "very nauseated," she sometimes vomits after taking her medication, and her eyesight has deteriorated as a result of her medication.  Tr. 48-49.  Plaintiff reported, however, she was not on any medication for anxiety and is not engaging in therapy. Tr. 52.

Plaintiff testified she walks slowly for ten to fifteen minutes three or four times a week.  Tr. 50.  Plaintiff testified she also cares for her son and completes household chores that include doing the laundry but do not include mopping the floor. Tr. 56.  She stated, however, she must "pace [her]self."  Tr. 56. Plaintiff reported she can go grocery shopping, but she cannot complete other activities that day if she does so.  Tr. 56.

11 - OPINION AND ORDER

Plaintiff testified she can lift a gallon of milk, but only with two hands.  Tr. 58.

2.    Plaintiff's Adult Function Report

In her Adult Function Report dated December 26, 2010, Plaintiff reported she wakes up at 5:30 a.m. to care for her pets, to make coffee, and to prepare her son for school. Tr. 282.  After her son leaves for school, Plaintiff stated she begins her day "trying to make money."  Tr. 282.Plaintiff indicated she cooks meals for her son, cleans his laundry, and helps with his homework.  Tr. 282.  Plaintiff reported she is usually capable of performing personal-care activities, but is occasionally limited by pain or shaking hands.  Tr. 283. Although Plaintiff reported being capable of performing most household chores, she indicated she cannot perform yard work or complete household repairs.  Tr. 284.  Plaintiff indicated she goes outside three or four times a day, can drive a car, and goes grocery shopping for approximately an hour twice per month. Tr. 284-85.

Plaintiff reported increased pain and fatigue has impacted her functional capabilities.  Tr. 285-86.  Plaintiff indicated her conditions affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, and concentrate.  Tr. 287.  Plaintiff reported she can lift "no more than 10" pounds and cannot walk more than three or four blocks

without resting.  Tr. 287.

    B.  Analysis

    The ALJ rejected Plaintiff's testimony because Plaintiff's allegations of disabling limitations were inconsistent with the objective medical evidence, the treatment records, the course of Plaintiff's medical treatment, and Plaintiff's activities of daily living.  Tr. 29-30.

    After a thorough review of the record, the Court concludes there is not a significant inconsistency between the objective medical evidence and Plaintiff's alleged limitations, and the Court finds the treatment record is generally consistent with Plaintiff's allegations.  In particular, the Court concludes the progress of Plaintiff's conditions as reflected in the medical record generally follows the increasing severity of the limitations described by Plaintiff and reflects that Plaintiff's moderate limitations near the beginning of her alleged period of disability become more significant as the date of the hearing gets closer.  *See, e.g.,* Tr. 369, 442, 462, 659, 661.

    Finally, the ALJ's finding that Plaintiff's alleged limitations are inconsistent with her activities of daily living is not supported by the record.  Indeed, throughout her testimony Plaintiff consistently qualified her reports of performing household chores and caring for her son by indicating that she is unable to perform many of these activities throughout the day, is

13 - OPINION AND ORDER

limited by pain, and has to take frequent rest breaks. *See*, *e.g.*, Tr. 59, 283, 286, 287. Moreover, contrary to the ALJ's finding, the lay-witness testimony similarly reflected Plaintiff's limitations in her ability to perform household activities. Tr. 253, 256, 275, 276.

Accordingly, on this record the Court concludes the ALJ erred when he rejected Plaintiff's testimony because the ALJ failed to provide legally sufficient reasons supported by substantial evidence in the record for doing so.

## II.  Opinion of Jonathan Neil, Physician Assistant (PA)

Plaintiff argues the ALJ provided legally insufficient reasons for rejecting the opinion of PA Neil.

Medical sources are divided into two categories: "acceptable medical sources" and "other sources." 20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "other sources" include, but are not limited to, nurse practitioners, physician assistants, therapists, licensed clinical social workers, and chiropractors. 20 C.F.R. § 416.913(d)(1). *See also* SSR 06-03p, at *2. "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)(quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

14 - OPINION AND ORDER

The Social Security Administration notes:

> With the growth of managed health care in recent years
> and the emphasis on containing medical costs, medical
> sources who are not acceptable medical sources, such as
> nurse practitioners, physician assistants, and licensed
> clinical social workers, have increasingly assumed a
> greater percentage of the treatment and evaluation
> functions previously handled primarily by physicians
> and psychologists.  Opinions from these medical
> sources, who are not technically deemed acceptable
> medical sources under our rules, are important and
> should be evaluated on key issues such as impairment
> severity and functional effects, along with the other
> relevant evidence in the file.

SSR 06-03p, at *3.

Factors the ALJ should consider when determining the weight
to give an opinion from these "important" sources include the
length of time the source has known the claimant and the number
of times and frequency that the source has seen the claimant, the
consistency of the source's opinion with other evidence in the
record, the relevance of the source's opinion, the quality of the
source's explanation of his opinion, and the source's training
and expertise.  SSR 06-03p, at *4.  On the basis of the
particular facts and the above factors, the ALJ may assign a not-
acceptable medical source either greater or lesser weight than
that of an acceptable medical source.  SSR 06-03p, at *5-6.  The
ALJ, however, must explain the weight assigned to such sources to
the extent that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.

PA Neil, Plaintiff's primary-care provider, submitted a

15 - OPINION AND ORDER

Physical Residual Functional Capacity Questionnaire dated May 9, 2012.  PA Neil was Plaintiff's primary-care provider from May 1, 2006, through the disability determination.  Tr. 635.  PA Neil listed Plaintiff's diagnoses as systemic lupus erythematosus (SLE), fibromyalgia, discoid lupus erythematosus (DLE), chronic low-back pain, anxiety, chronic right-ankle pain, and "aortic stenosis valve replacement."  Tr. 635.  PA Neil opined Plaintiff's prognosis is poor and listed Plaintiff's symptoms as multiple joint pain, swelling, low-back pain, rash, and fatigue. Tr. 635.  PA Neil listed "warm joints," painful muscle groups to palpation, facial rash, anxious affect, and aortic repair to support his findings.  Tr. 635.  PA Neil found psychological factors, including anxiety, affect Plaintiff's physical condition.  PA Neil opined Plaintiff would be incapable of even low-stress employment because anxiety worsens Plaintiff's pain. Tr. 636.

PA Neil opined Plaintiff can walk three or four blocks without rest or severe pain, sit for 30 minutes and stand for 20 minutes at one time, and sit for four hours and stand and walk for two hours in an eight-hour workday.  Tr. 636-37.  PA Neil opined Plaintiff would need unscheduled breaks of ten to fifteen minutes every one to two hours in an employment setting. Tr. 637.  PA Neil found Plaintiff is only capable of lifting ten pounds or less rarely, but she could never lift more than ten

pounds.  Tr. 637.  PA Neil opined Plaintiff would miss
approximately three day of work per month.  Tr. 638.  PA Neil
reported Plaintiff's conditions and limitations have persisted as
PA Neil described them since May 2011.  Tr. 639.

The ALJ rejected PA Neil's opinion because it was based on
conditions that the ALJ found were not medically determinable
(*i.e.*, systemic lupus and anxiety) and relied on Plaintiff's
subjective complaints without support from objective findings.
Tr. 31.

The ALJ's rejection of PA Neil's opinion on the ground that
PA Neil relied to some extent on "non-medically determinable"
conditions is not a germane reason to reject PA Neil's opinion.
Although the record reflects some uncertainty and even debate as
to whether Plaintiff has DLE or SLE, the symptoms and limitations
regarding those conditions are consistent throughout the record.
*See* Tr. 521, 659, 661, 688.  Thus, the mere fact that PA Neil
included both conditions in his list of diagnoses is not a
germane reason to reject PA Neil's opinion.

The ALJ also noted Plaintiff did not seek mental-health
treatment for her alleged psychological limitations.  The fact
that PA Neil included anxiety as a limitation in his assessment
of Plaintiff's functional capacity, however, is not a germane
reason to reject PA Neil's opinion in light of his treatment
notes that reflect Plaintiff exhibited tearfulness during

17 - OPINION AND ORDER

appointments multiple times.  *See, e.g.*, Tr. 528, 546, 550.

The ALJ's rejection of PA Neil's opinion on the ground that he relied on Plaintiff's subjective reporting is also not a germane reason to reject PA Neil's assessment of Plaintiff's functionality because, as noted, the ALJ erroneously discredited Plaintiff's testimony.  Thus, the ALJ's rejection of PA Neil's opinion cannot properly be based on the ALJ's erroneous finding that Plaintiff's testimony was not credible.  Moreover, in his opinion PA Neil explicitly referenced Plaintiff's "warm joints," facial rash, and heart problems as objective clinical findings that support his assessment of Plaintiff.  Tr. 635.

Accordingly, on this record the Court concludes the ALJ did not provide legally sufficient reasons for rejecting PA Neil's opinion.

## III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Harman v. Apfel*, 211 F.3d 172, 1178 (9th Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart*,

379 F.3d 587, 593 (9th Cir. 2004)).  The court may not award
benefits punitively and must conduct a "credit-as-true" analysis
to determine whether a claimant is disabled under the Act.  *Id.*
at 1138.

Under the "credit-as-true" doctrine, evidence should be
credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are not
> any outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required to
> find the claimant disabled if such evidence were
> credited.

*Id.*  The reviewing court should decline to credit testimony when
"outstanding issues" remain.  *Luna v. Astrue,* 623 F.3d 1032, 1035
(9th Cir. 2010).

Although the "credit-as-true" doctrine is not a mandatory
rule in the Ninth Circuit, it leaves the court with the
flexibility to determine whether to enter an award of benefits
upon reversing the Commissioner's decision.  *Connett v. Barnhart,*
340 F.3d 871, 876 (9th Cir. 2003)(citing *Bunnell v. Sullivan,* 947
F.2d 871 (9th Cir. 1991)(*en banc*)).  When the reviewing court
finds the elements of the "credit-as-true" rule have been
satisfied, however, the court may only remand for further
proceedings if "an evaluation of the record as a whole creates
serious doubt that the claimant is, in fact, disabled."
*Garrison,* 759 F.3d at 1021.

On this record the Court concludes outstanding issues must be resolved before a determination of disability can be made. For example, the ALJ must consider, among other things, how PA Neil's statement that his opinion is only descriptive of Plaintiff's conditions since May 2011 may affect the ultimate disability determination. Accordingly, on remand the ALJ must reconsider Plaintiff's testimony and PA Neil's opinion; must make a disability determination in which he properly accounts for Plaintiff's testimony and PA Neil's opinion; and must address any inconsistencies as to such evidence, the overall medical record, and the ALJ's RFC determination.

## CONCLUSION

For these reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this ___ day of December, 2014.


_____
ANNA J. BROWN
United States District Judge